IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY DUNCAN,<br><br>                      Petitioner,<br><br>    vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,[1]<br><br>                      Respondent. | No. 3:20-cv-00021-JKS<br><br>ORDER DIRECTING SERVICE<br>AND RESPONSE |

On January 20, 2020, Jeremy Duncan, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Docket No. 1 ("Petition"). Duncan challenges the judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3VA-07-00146CR. *Id.* at 1. Duncan contends that his conviction should be overturned because it was secured in part through the use of statements illegally obtained by law enforcement in violation of his *Miranda*[2] rights. *Id.* at 5. Duncan asserts that the grounds for relief raised in his Petition have been brought in the Alaska state courts,

---

[1] Earl Houser, Superintendent, Goose Creek Correctional Center, is substituted for Nancy Dahlstrom, Commissioner, Alaska Department of Corrections. FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

-1-

including the Alaska Supreme Court, as required by § 2254(b). *Id.* at 6. The records of the Alaska state courts[3] reflect that the Alaska Court of Appeals affirmed his conviction on May 25, 2011,[4] and the Alaska Supreme Court denied his petition for hearing on June 30, 2011.[5] On February 6, 2013, Duncan filed in the Alaska Superior Court a petition for post-conviction review, which was denied on November 20, 2017.[6] The Court of Appeals affirmed the denial on May 15, 2019,[7] and the Supreme Court denied the petition for hearing on August 7, 2019.[8] The Petition in this Court followed.

Pursuant to the Rules Governing Section 2254 Cases, the Court must review the Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see* 28 U.S.C. § 2243. After a preliminary review, it does not plainly appear from his Petition that Duncan is not entitled to relief.

---

[3] The Court takes judicial notice of state court records. Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] *See* https://appellate-records.courts.alaska.gov (Case No. A10481).

[5] *Id.* (Case No. S14341).

[6] *See* https://records.courts.alaska.gov (Case No. 3VA-13-00034CI).

[7] *See* https://appellate-records.courts.alaska.gov (Case No. A13036).

[8] *Id.* (Case No. S17475).

**IT IS THEREFORE ORDERED:**

1. The Clerk of the Court is directed to serve this order and the Petition at Docket No. 1 on:

   > Tamara DeLucia
   > Office of Criminal Appeals
   > 1031 W. 4th Ave, Suite 200
   > Anchorage, Alaska 99501

2. By agreement between the Court and the Office of Criminal Appeals, the Office of Criminal Appeals will accept service on behalf of the Respondent.[9] **Once an attorney is assigned to this case by the Office of Criminal Appeals, that attorney shall immediately—and in no more than fourteen (14) days from the date of this order—file a notice of appearance.**

3. Respondent shall file and serve either an answer or a motion in response to the Petition within sixty (60) days from the date of this Order. *See* Rule 4, Rules Governing § 2254 Cases. The Court also notes its preference that procedural issues be addressed concurrently with the merits of the habeas petition. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4 and 5, Rules Governing § 2254 Cases. This should include a copy of:

   (1) any brief that the Petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;

   (2) any brief that the prosecution submitted in an appellate court relating to

   the conviction or sentence; and

   (3) the opinions and dispositive orders of the state appellate courts relative

---

[9] In this regard, Respondent has waived Federal Habeas Corpus Rule 4 regarding service.

to the conviction or sentence.

4. Duncan's reply, if any, shall be filed and served within thirty (30) days of service of an answer.

Dated at Anchorage, Alaska this 5th day of February, 2020.

s/James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge